IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHY M. FLOWERS, | ) | 4:04CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff's third amended application for attorney fees (filing 35) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").[1]  Plaintiff requests attorney fees in the amount of $5,885.93, which represents 38.66 hours of work at rates ranging from $148.75 to $152.50 per hour, and $1,551.93 in fees for 92.76 hours of work by three paralegals, a law clerk, and an assistant.  The Commissioner objects to Plaintiff's fee request for the reasons that (1) this court has previously held that 30 hours—not 38.66 hours—is a reasonable amount of time for attorney services at the district court level in a social security appeal; (2) counsel's rate should be $125.00 per hour; (3) Plaintiff's counsel failed to keep a record of "actual time expended" as required by 28 U.S.C. § 2412(d)(1)(B); and (4) the billing record entries for non-attorney time "fail to consistently identify the subject matter of the work performed."  (Filing 39.)

---

[1]Plaintiff was granted permission to amend the first application (filing 26) for EAJA attorney fees to fix mathematical errors.  I then granted Plaintiff's motion (filing 32) to amend the amended application with additional attachments.  The plaintiff's third amended application (filing 35) is Plaintiff's final and complete application for EAJA fees.

The court has determined that Plaintiff was indeed the prevailing party in this action, as this matter was remanded to the Commissioner for further action; that the application for fees was filed in a timely fashion; and that the position of the Commissioner was not substantially justified in light of the reversal of the decision of the administrative law judge and remand of the action for further proceedings. Plaintiff therefore is entitled to an award of reasonable attorney fees.

As a rule of thumb, the undersigned generally has approved EAJA fee applications for up to 30 billable hours of attorney time in straightforward, fully-briefed social security appeals. See Whitney v. Barnhart, Case No. 4:02CV3048, Filing 19 (D. Neb. Mar. 11, 2003). However, this case was more complicated than the typical fully-briefed social security appeal. As I noted in the memorandum and order reversing and remanding this matter, Plaintiff's appeal raised "an important and difficult question involving whether the Administrative Law Judge (ALJ) was allowed to use evidence of work that the plaintiff engaged in after she claimed she was disabled for the purpose of totally denying insurance benefits." (Filing 24, at 1.) Further, the record was massive, consisting of two volumes totaling 1,196 pages from four hearings.

I find that this case required five more hours of attorney time than the typical social security case. Consequently, the court will order reimbursement for 35 hours of attorney time at the rate of $152.50[2] per hour, for a total of $5,337.50. See Nichols

---

[2]This rate equals the statutory maximum of $125.00 per hour, adjusted on a monthly basis to account for inflation since March 1996. The bulk of Plaintiff's counsel's time (34.4 hours) was performed at $152.50 per hour, while 1.76 hours of work was performed at $148.75 and 2.5 hours of work at $151.25 per hour. Contrary to the Commissioner's argument, attorney fees may be awarded under the EAJA at a rate that exceeds $125.00 per hour when the court determines that an increase is justified due to "an increase in the cost of living." 28 U.S.C. § 2412(d)(2)(A) (Cum. Supp. 2005). The plaintiff has established a cost-of-living increase. (Filing 35, Ex. 3.)

v. Barnhart, Case No. 4:03CV3257, Filing 27 (D. Neb. Apr. 1, 2005) (ordering reimbursement for 32.5 hours of attorney time in social security case with 653-page transcript that was "more complicated" than the typical case).

The Commissioner argues that attorney fees should not be awarded at all due to counsel's failure to contemporaneously record time spent on this appeal, contrary to 28 U.S.C. § 2412. Plaintiff's counsel has filed an affidavit admitting that "time . . . was occasionally not recorded until the end of the work day or the beginning of the next work day" and explaining in detail how such time was figured. (Filing 35, Ex. 4, at 2.) Section 2412(d)(1)(B) requires that an EAJA application for fees include "an itemized statement from any attorney . . . representing . . . the party stating the actual time expended and the rate at which fees and other expenses were computed."

> Contrary to the Secretary's [of Veterans Affairs] position, submission of contemporaneously prepared time sheets is not a statutory requirement under the EAJA. Rather, the relevant question is whether an attorney's itemized statement provides sufficient detail to permit a determination regarding the reasonableness of the fees claimed.

Cohen v. Brown, 8 Vet. App. 5, 8 (Vet. App. 1995).

As in Cohen, Plaintiff's counsel is an officer of the court and his method of time-keeping and recording is not "on its face unreasonable or questionable." Further, the Commissioner has "not pointed to any substantial reason to question the verity or accuracy of the application." Under these circumstances, Plaintiff's "application for fees fully complies with the statutory requirement of an itemized accounting." Id.

Plaintiff also requests $1,551.93 for 92.76 hours of work performed by paralegals, law clerks, and an assistant. Without pointing to specific entries in Plaintiff's application for fees, the Commissioner generally argues that Plaintiff's

request for reimbursement for non-attorney time is unreasonable and should be reduced because the billing entries are not specific enough and because secretarial or clerical duties are not reimbursable. (Filing 39, at 4-5.)

Contrary to the Commissioner's arguments, I find that counsel's billing entries for non-attorney time adequately identify the substance and content of billed tasks. I also find that the plaintiff does not request reimbursement for secretarial or clerical functions. However, I agree with the Commissioner that 92.76 hours of work performed by paralegals, law clerks, and an assistant—in addition to counsel's 35 hours of reimbursable time—is excessive.[3] Therefore, I shall reduce each non-attorney's billed time by half, as follows: (1) Paralegal 1's 2.25 hours at $25.00 per hour shall be reduced to 1.12 hours ($28.00 total); (2) Paralegal 2's 1.5 hours at $23.00 per hour shall be reduced to .75 hours ($17.25 total); (3) Paralegal 3's 44.51 hours at $18.00 per hour shall be reduced to 22.25 hours ($400.50 total); (4) Law Clerk 2's 43 hours at $15.00 per hour shall be reduced to 21.5 hours ($322.50 total); and (5) Assistant 1's 1.5 hours at $10.00 per hour shall be reduced to .75 hours ($7.50 total). These reductions result in 46.37 hours of reimbursable non-attorney time totaling $775.75. See Stockton v. Shalala, 36 F.3d 49 (8th Cir. 1994) (holding that district court should have awarded fees for full 51.8 hours of paralegal services requested in "straightforward social security disability case that did not involve particularly difficult or complex issues" where plaintiff's counsel was blind, creating

---

[3]For example, 3.75 hours of paralegal time are claimed for drafting the complaint, motions to proceed in forma pauperis and for extension of time, and proposed orders, all of which should be boilerplate with slight revisions needed; approximately 12.5 hours are claimed for "conferences" and "meetings" regarding certain issues; more than 2 hours were spent reviewing a rough draft of one argument "for accuracy"; reimbursement is requested for 6 hours of "[p]utting in citations and transcript references"; and approximately 62 hours were spent researching and writing briefs.

"unique circumstances"; fee award properly included 46.05 hours of services by attorney).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Application for Relief Under the Equal Access to Justice Act (filing 35) is granted in part and denied in part; and

2. By separate document, the court shall enter judgment for Plaintiff and against Defendant, providing that Plaintiff is awarded attorney fees of $6,113.25.

August 25, 2005.                    BY THE COURT:

                                    s/*Richard G. Kopf*
                                    United States District Judge