IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHY M. FLOWERS, | ) | 4:04CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

On January 19, 2005, this court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Filings 24 and 25.) Now, following the entry of a favorable decision by the administrative law judge on remand, and the computation of past-due benefits, plaintiff's attorney has filed a motion for an award of attorney fees under 42 U.S.C. § 406(b),[1] in the amount of $29,237.00. (Filing 43.) The Commissioner argues the requested fee is unreasonable. Upon careful consideration of the record, the court will award plaintiff's attorney a fee of $23,237.00 under § 406(b), to be paid out of past-due benefits, and will direct

---

[1] Section 406(b) provides in part:

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

him to refund to plaintiff the sum of $6,113.25 that was previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## *I. BACKGROUND*

Plaintiff Kathy M. Flowers ("Flowers") applied for disability insurance benefits and supplemental security income benefits on October 18, 1999, claiming that she had become disabled on January 26, 1999, due to a back injury, depression, panic attacks, migraine headaches and a rapid heart beat. An administrative law judge ("ALJ") denied Flowers' claim on August 29, 2001, and Flowers appealed. On July 9, 2002, the Appeals Council of the Social Security Administration remanded the case to the ALJ to resolve several issues. On remand, the ALJ denied Flowers' claim again, relying heavily on the fact that Flowers had worked as a truck driver in 2002.

On January 14, 2004, Flowers executed a fee agreement with an attorney to appeal her claims to the United States District Court for the District of Nebraska. (Filing 45 at CM/ECF pp 3-5.) As part of the agreement, Flowers understood that if the court reversed the ALJ's decision and ordered the Social Security Administration ("SSA") to pay her past-due benefits, her attorney could ask the court to award an attorney fee equal to 25 percent of her past-due benefits. (*Id.* at CM/ECF pp. 3-4.)

On July 19, 2005, this court reversed the ALJ's decision and remanded the case to the Commissioner to reconsider whether Flowers was entitled to a "trial work period" for her work as a truck driver. (Filing 24 at CM/ECF p. 13.) On May 23, 2005, Flowers filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Filing 35.) The court granted this motion, in part, on August, 25, 2005, and awarded attorney fees of $6,113.25. (Filing 42 at CM/ECF pp. 2-5.) This amount represented $5,337.50 for 35 hours of work by plaintiff's

attorney, at an average hourly rate of $152.50,[2] and $775.75 for work performed by paralegals, law clerks and an assistant. (*Id*.)

Following a hearing on remand, the ALJ issued a favorable decision, concluding that Flowers was disabled from January 26, 1999, through July 31, 2006, and from June 1, 2008, through the date of the ALJ's decision. (Filing 45-2 at CM/ECF p. 26.) On May 23, 2011, Flowers filed a motion for attorney fees in this court along with brief and an index of evidence in support. (Filings 43, 44 and 45.) As part of the index, Flowers has filed a notice of award that states in part, "Your past-due Social Security benefits are $115,761.40 for July 1999 through February 2011. We usually withhold 25 percent of past due benefits to pay a lawyer's fee. We withheld $6,000.00 from the past-due benefits to pay your lawyer. We are deducting this amount from the $116,948.00 in benefits due for July 1999 through March 2011." (Filing 45-3 at CM/ECF p. 1.) Flowers' attorney requests an attorney's fee award under 42 U.S.C. § 406(b), in the amount of $23,237.00. (Filings 43 and 48.) The Commissioner has responded, arguing that a fee of this size is unreasonable and results in a windfall for Flowers' attorney. (Filing 47.)

## II. DISCUSSION

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorney's fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). In

---

[2] This average hourly rate equaled the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996.

3

*Gisbrecht*, the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court to assess the reasonableness of attorneys' fees requested under contingent-fee agreements. *Id*. at 809. The Supreme Court explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted). In assessing the reasonableness of a 25 percent contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate. *See id*. at 808 (noting that "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge").

Here, Flowers' attorney asks that the court to authorize attorney's fees of $23,237.00, pursuant to the contingent-fee agreement. (Filing 43.) In calculating the requested fee, Flowers' attorney starts with $29,237.00, an amount equal to 25

percent of Flowers' $116,948.00 past-due benefits award.³  (Filing 45-3 at CM/ECF p. 6.)   Flowers' attorney then reduces $29,237.00 by $6,000, the amount the Commissioner withheld to pay him for his services at the administrative level under 42 U.S.C. § 406(a).⁴  (Filing 45-3 at CM/ECF p. 6.)

To generate a non-contingent fee of $23,237.00 for 35 hours of work, Flowers' attorney would need to charge $663.91 per hour.  However, when an attorney proceeds on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate.  *See, e.g., Bear v. Astrue*, 544 F. Supp. 2d 881, 883 (D. Neb. 2008) (awarding $10,288.50 under section 406(b) for 29.4 hours of work); *Watterson v. Astrue*, No. 3:06-cv369-J-HTS, 2008 WL 783634 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10 under section 406(b) for 26.4 hours of work).

Considering the factors discussed in *Giesbrecht*, the court concludes that Flowers' attorney has requested a reasonable fee under 42 U.S.C. § 406(b).  He did not request more than the statutory limit of 25 percent of total past-due benefits. In addition, he has substantial experience litigating Social Security cases in this court and provides competent and good quality work for his clients.  In this case, for example, he was able to identify and brief a "trial work period" issue which ultimately resulted in a favorable decision for Flowers.  (*See* Filings 15, 24 and 45-2.)  This favorable result would not have occurred without counsel's assistance.  It is also significant that Flowers has signed an affidavit stating that she does not object to the 25 percent contingent fee.  (Filing 49 at CM/ECF pp. 3-4.)

---

³The parties agree that $116,948.00 is the proper past-due benefit award amount.  (Filing 47 at CM/ECF p. 2; Filing 45-3 at CM/ECF p. 6.)

⁴Section 406(b) is supplemented by § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the SSA.  *See* 42 U.S.C. § 406(a).

5

Accordingly, the court will grant the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $23,237.00, and will order Flowers' attorney to refund to Flowers the $6,113.25 in attorney fees previously awarded under the EAJA.[5] See *Dubsky v. Astrue*, No. 4:08CV3057, 2010 WL 1780009 (D. Neb. April 30, 2010) (ordering counsel to refund the full EAJA award, which included payment for attorney, law clerk and paralegal work, after receiving § 406(b) fees); *see also Dubsky v. Astrue*, No. 4:8:06CV446, 2009 WL 1606058 (D. Neb. June 8, 2009).

IT IS ORDERED:

1. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (filing 43) is granted as follows:

   a. Flowers' attorney is entitled to an attorney fee of $23,237.00 from Flowers' past-due benefits.

   b. Flowers' attorney may collect $23,237.00 from the funds Flowers deposited in his trust account to pay the attorney fee. However, Flowers' counsel shall immediately refund to Flowers $6,113.25, which is the full amount of attorney's fees previously awarded under the EAJA, and any additional funds from the trust account belonging to Flowers.

   c. Flowers and Flowers' attorney shall provide Defendant with documentation showing that the attorney's fee has been paid.

---

[5]The court notes that the SSA failed to withhold sufficient funds to pay Flowers' attorney. Flowers has deposited funds in her attorney's trust account and authorized use of the funds to pay any unpaid attorney's fees. (Filing 49 at CM/ECF p. 4.) Flowers' attorney asks the court to authorize payment of his attorney's fee from funds currently held in the trust account. (Filing 48 at CM/ECF p. 19.)

6

      d.      In all other respects, the motion is denied.

2.      Judgment shall be entered by separate document.

DATED this 5th day of July, 2011.

                          BY THE COURT:

                          s/ *Richard G. Kopf*
                          United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.